

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. 0-4044
Re: May public health nurses, as-
signed to Texas from United
States Public Health Service
and paid by the United States
Public Health Service for ser-
vice in defense areas, carry
on public health nursing acti-
vities in these areas without
obtaining a license to prac-
tice nursing in Texas provided
these nurses have shown them-
selves to be registered nurses
eligible for listing on the
Civil Service records of the
federal government?

We have your letter of September 23, 1941, request-
ing our opinion on the above question. In order to set forth
the facts from which this question arises, we quote from your
letter:

"The rapid expansion of health services
in defense areas has necessitated special acti-
vities on the part of the Public Health Service
to assist the various states. In line with
this policy the Public Health Service has as-
signed to Texas certain doctors and nurses
through courtesy of the Service, placed under
the direction of the State Health Officer, but
these individuals are selected by the United
States Public Health Service from civil service
rolls and are paid directly from federal sources
for their services and their service must be
considered of a temporary character since such
nurses are eligible for transfer to other areas
of need at any time. One such transfer has
occurred.

Honorable George W. Cox, Page 2

"Medical officers assigned to this State
from the U. S. Public Health Service are not
required to obtain a license to practice in
Texas since this matter seems adequately cover-
ed by the State law. However, the State Board
of Nurse Examiners has informed nurses so as-
signed that they must be licensed in Texas.
This works a serious hardship since these
nurses are assigned on an emergency basis and
may be transferred frequently. . . ."

Title 71, Chapter 7, of the Revised Civil Statutes
of 1925, prescribes the requirements for a person desiring
to practice as a "graduate certified registered nurse" in
Texas. One of the requirements is the payment of a fee of
fifteen dollars to the State Board of Nurse Examiners.
(Article 4519) Besides payment of the fee, said person must
pass an examination prescribed by the Board (Article 4519),
or hold "a registration certificate as a professional nurse
from another State whose requirements are equal to those
of Texas." (Article 4521)

Article 776 of the Penal Code of 1925 is as fol-
lows:

"No person shall practice nursing as or
claiming to be a graduate certified register-
ed nurse without a license or permit from the
State Board of Nurse Examiners, which license
or permit shall have been registered with the
county clerk of the county in which he or she
resides within a period of thirty days. A nurse
who has received his or her license or permit
according to law shall be styled a 'register-
ed nurse,' and no other person shall assume
such title or use the abbreviation 'R. N.' or
any other to indicate that he or she is a
graduate certified registered nurse; and any
person violating any provision of this article
or who shall make any false representations
to said board in applying for a license shall
be fined not less than twenty-five nor more
than two hundred and fifty dollars."

Article 4523 exempts certain persons from the re-
quirements of said Chapter 7 in the following language:

Honorable George W. Cox, Page 3

"This law shall not be construed to apply to the gratuitous nursing of the sick by friends, nor any person nursing the sick for hire who does not in any way assume or profess to practice as a graduate certified registered nurse."

Article 777 of the Penal Code of 1925, in like language, exempts the same persons from the penal provisions above quoted.

We have been orally informed by you that the public health nurses referred to by you in the letter quoted above do not assume or profess to practice in Texas as graduate certified registered nurses; that they perform preventive services only; that they hold themselves out simply as "Public Health Nurses"; and that they use neither the title "Registered Nurse" nor the initials "R. N."

Under the facts stated, it is our opinion that the second exemption provided in Article 4528 of the Civil Statutes and Article 777 of the Penal Code applies to public health nurses employed and paid by the United States Public Health Service and by that Service assigned to work in defense areas in Texas under the direction of the State Health Officer; and therefore that such nurses are not required to obtain a State license to practice nursing in Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 2, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN